UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACQUELYN LISICKI,

    Plaintiff,

v.                      Case No:  2:19-cv-648-FtM-29MRM

LEE MEMORIAL HEALTH SYSTEM,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Strike (Doc. #16) filed on October 28, 2019. Plaintiff filed a Response in Opposition (Doc. #17) on October 29, 2019. For the reasons that follow, the motion is granted.

**I.**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. The court enjoys broad discretion in determining whether to grant or deny these motions to strike. Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." Hutchings v. Fed. Ins. Co., 2008 WL 4186994, *2 (M.D. Fla. Sept. 8, 2008) (marks and citation omitted). It is

not intended to "procure the dismissal of all or part of a complaint." Id. Likewise, a motion to strike is a drastic remedy and is disfavored by the courts. Schmidt v. Life Ins. Co. of N. Am., 289 F.R.D. 357, 358 (M.D. Fla. 2012). Therefore, a motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Id.

**II.**

Plaintiff Jacquelyn Lisicki has brought this action against defendant Lee Memorial Health System and alleges she was terminated from her employment due to age discrimination. (Doc. #12.) According to the Amended Complaint, plaintiff worked for defendant for nearly ten years, during which she was subjected to disparate treatment because of her age. (Id. pp. 1-2.) After complaining about the disparities, plaintiff was allegedly told by her manager that her job was in jeopardy unless she "proved her worth." (Id. p. 2.) Per the Amended Complaint, plaintiff was forced out of her job shortly thereafter. (Id.)

The two-count Amended Complaint contains ninety-one paragraphs of allegations. Defendant's motion seeks to strike a number of these paragraphs, arguing they should be stricken "so as not to confuse the issues and prejudice" defendant. (Doc. #16, p. 3.) Specifically, defendant seeks to strike those portions of the Amended Complaint that (1) reference a prior age discrimination

lawsuit against defendant and allege past mistreatment of older workers, and (2) reference defendant's revenues, its president and CEO, and its board of directors. (Id. pp. 3-9.) Defendant argues these paragraphs are immaterial, impertinent, scandalous, unnecessary, and unrelated to plaintiff's claims. (Id.)

Having reviewed the allegations in the Amended Complaint, as well as the arguments of the parties, the Court will grant defendant's motion. The following portions of the Amended Complaint are immaterial and shall be stricken:

- The fifth sentence in the first paragraph;
- Paragraphs two through four, as well as the accompanying footnotes;
- Paragraphs fifteen through twenty, as well as the accompanying footnote; and
- Paragraph forty-six.

(Doc. #12, pp. 2-12.)

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Motion to Strike (Doc. #16) is **GRANTED** and the portions of the Amended Complaint listed above shall be stricken.

**DONE and ORDERED** at Fort Myers, Florida, this __12th__ day of November, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record